UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

**IN RE MATTER OF LYNX PRODUCTION**                **CIVIL ACTION**
**SERVICES**
                                                    **NO. 13-5067**

                                                    **SECTION "B"(2)**

                              ORDER & REASONS

Nature of Motion and Relief Sought:

    Before the Court are Limitation Action Complainant Lynx Production Services, Inc.'s ("Lynx") Motion to Stay State Court Proceedings, Claimants Brittini Garner and Angela Sharpe's Opposition thereto, and Lynx's Reply. (Rec. Docs. 18, 20, & 29). Also before the Court is Limitation Claimant Specialty Boat Rentals, LLC's ("Specialty") Motion to Stay state court proceedings (Rec. Doc. 38), to which no timely opposition has been filed.

    **IT IS ORDERED** that Specialty's Motion to Stay (Rec. Doc. 38) is **DENIED** in its entirety.

    **IT IS FURTHER ORDERED** that Danielle Ann Ray's Ex Parte Motion for Leave to file opposition to Specialty's motion is **DISMISSED as moot**. (Rec. Doc. 46).

    **IT IS FURTHER ORDERED** that Lynx's Motion to Stay (Rec. Doc. 18) is **GRANTED to the extent it seeks to stay claims against American Interstate Insurance Company and DENIED to the extent it seeks to stay all other claims.**

Procedural History and Facts of the Case:

    This case arises from an accident on February 8, 2013. On that

date David Garner ("Garner") lost his life when the M/V KAMERYN, a bare boat owned by Claimant Specialty Boat Rentals, Inc. ("Specialty") and chartered to Lynx, capsized in Terrebonne Parish waters. Garner, an employee of Lynx, worked as pumper gauger on the vessel. Although the exact facts remain unclear, it appears that Lynx had chartered the KAMERYN to transport chemicals procured from Gulf Coast Chemical, LLC ("Gulf Coast") and that the accident occurred during such transport.

On March 1, 2013, Danielle Ann Ray, who was Garner's divorced wife at the time of his death, filed suit against Lynx as a sole defendant in state court on her own behalf and on behalf of her and Garner's child, Hunter Wayne Garner (the "Ray Claimants"). (Rec. Doc. 38-2 at 1). Lynx then initiated the instant case on July 12, 2013, as owner pro hac vice of the KAMERYN, by filing a Complaint for Exoneration from and Limitation of Liability and posting a $55,000 security. (Rec. Doc. 1).

Roughly a week later, the Court approved Lynx's security and stipulation for value of $55,000, and enjoined "the initiation or prosecution" of any and all suits against Lynx outside of the instant proceeding, effectively staying the state suit initiated on March 3. (Rec. Doc. 3).

On August 9, Specialty filed an answer and claim in this limitation action, alleging that Lynx negligently caused the accident, arguing that lynx was not entitled to limitation of

liability, seeking recovery for a variety of damages, and asserting as an affirmative defense that it "reserves the right to claim all benefits of those provisions of Title 46, United States Code, dealing with Limitation of Liability." (Rec. Doc. 6 at 1-3).

A few days later Brittini Garner, who was Garner's wife at the time of his death, also filed an answer and claim in this proceeding on her own and on her children's behalf (the "Garner Claimants"), alleging that the KAMERYN's unseaworthiness and the negligence of each Lynx, Specialty, and other non-parties caused Garner's death. (Rec. Doc. 7 & 7-1). Finally, the Ray Claimants also asserted claims in this limitation action, alleging that Lynx's negligence, the unseaworthiness of the KAMERYN, and other negligent actors caused Garner's death. (Rec. Doc. 8). No other answer or claim has been asserted in this proceeding.

Ten days after filing their answer and claim in the instant case, the Garner Claimants filed a petition for damages in the 32nd District Court for the Parish of Terrebonne, against Specialty, Scully's Aluminum Boats, Inc. (the KAMERYN's manufactuer, "Scully's" hereinafter), Gulf Coast, and Lynx's liability insurer, American Interstate Insurance Company ("American"). (Rec. Doc. 18-1 at 2; full complaint at 18-2). In this state complaint, the Garner Claimants alleged, inter alia, that Specialty negligently provided Lynx with a vessel incapable bearing the anticipated load; that Scully's negligently designed, constructed, and represented the

3

capacity of the KAMERYN; that Gulf Coast negligently represented or calculated the weight of its cargo; and that Lynx was negligent in stowing the KAMERYN's load. (Rec. Doc. 18-2 at 4-6). In short, the Garner Claimants filed a state suit against all actors and entities related to the accident except for Lynx; they sued Lynx's insurer, rather than Lynx, for Lynx's alleged negligence under Louisiana's direct action statute, LA R.S. 22:1269.

On February 7, the Ray Claimants initiated a separate but similar action against the same parties, omitting as defendants both Lynx and American. (*See* Rec. Doc. 38-2 at 2).

Both the Ray Claimants and Garner Claimants assert claims for amounts severely in excess of $55,000, the stipulated value of the vessel and cargo in question.

After an interval of several months, Lynx moved to stay the state proceeding initiated by the Garner Claimants ("the Garner Proceeding"), and Specialty later moved to stay the state proceeding initiated by the Ray Claimants (the "Ray Proceeding")(Rec. Docs. 18 & 38). After reviewing the parties' filings, the Court ordered briefing on whether the Anti-Injunction Act, 28 U.S.C. § 2283, prohibits the relief requested. (Rec. Doc. 37). Both Lynx and the Garner Claimants complied and submitted briefs on the issue.[1] (Rec. Docs. 40 & 41).

---

[1] While Specialty has neither filed nor sought leave to file nor been directed to file a brief on this issue, it certainly has had fair notice and ample opportunity to address this issue.

Law & Analysis

At issue is whether and to what extent the Limitation of Liability Act, 46 U.S.C. § 30505 et seq. (the "Limitation Act"), permits or requires the Court to stay state proceedings and whether and to what extent the saving to suitors clause, 28 U.S.C. § 1333, and the Anti-Injunction Act, 28 U.S.C. § 2283 (the "AIA"), prohibit such a stay.

Briefly put, "the Limitation Act provides that the liability of a shipowner shall not exceed the value of the vessel at fault and her pending freight if the casualty occurred without the privity or knowledge of the shipowner." *Texaco, Inc. v. Williams*, 47 F.3d 765, 767 (5th Cir. 1995). The operative section of that act, 46 U.S.C. § 30511 (formerly 46 U.S.C. App. § 185), provides that an "owner of a vessel may bring a civil action in a district court of the United States for limitation of liability under this chapter. The action must be brought within 6 months after a claimant gives the owner written notice of a claim." 46 U.S.C. § 30511(a). A bareboat charterer, such as Lynx, is considered an owner pro hac vice and may therefore seek protection under the Act. *Id.* at § 30501; *see also Complaint of McDonough Marine Serv., a Div. of Marmac Corp.*, 749 F. Supp. 128, 131 (E.D. La. 1990)(so stating). To invoke those protections, an owner "shall" deposit with the court or court-appointed trustee "an amount, or approved security, that the court may fix from time to time as a necessary

5

to carry out this chapter." *Id.* at § 30511(b). Finally, and most relevant here, "when an action has been brought under [section 30511] and the owner has complied with subsection (b), all claims and proceedings against the owner related to the matter in question shall cease." *Id.* at § 30511(c).

Rule F of the Supplemental Admiralty Rules further defines the procedural requirements to invoke the Limitation Act's protections. It provides that "[o]n application of the plaintiff the court shall enjoin the further prosecution of any action or proceeding against the plaintiff or plaintiff's property with respect to any claim subject to limitation in the action." Supplemental Admiralty Rule F(3). Thus, a shipowner possesses both the right to protection from suits outside the limitation proceeding and the right to seek the intervention of the federal admiralty court to enjoin such suits. The scope of those rights, however, are subject to several limitations.

First, the "inherent conflict" between the saving to suitors clause and the Limitation Act tempers the latter's restrictions. *Magnolia Marine Transport Co., Inc v. Laplace Towing Corp.*, 964 F.3d 1571, 1575 (5th Cir. 1992). Thus, where claims do not exceed the value of vessel and freight, "the saving to suitors clause dictates that the admiralty court *must* allow suits pending against the shipowner in a common law forum, [including] state court, to proceed." *Id.* (citing *Lake Tankers Corp. v. Henn*, 354 U.S. 147, 151

(1957)(emphasis in original). Moreover, "even when the claim does exceed that value, the claimant may still prefer the state court," when, for example, the claimant has related claims against a party not protected by the limitation act. *Id.* (citing *In re Complaint of McDonough Marine Service, Div. of Marmac Corp.*, 749 F. Supp. 128, 130 (E.D. La. 1990). Additionally, the savings to suitors clause allows claimants to pursue claims of any value in state court if they first make stipulations in the admiralty court preserving exclusive jurisdiction to determine "all issues related to the shipowner's right to limit liability, and that no judgment against the shipowner will be asserted to the extent it exceeds the value of the limitation fund." *Id.*

Next, the Anti-Injunction Act forbids a federal court from granting an injunction to stay proceedings in a state court with three exceptions: (1) as previously authorized by Act of Congress; (2) where necessary in aid of its jurisdiction; or (3) to protect or effectuate its judgment. 28 U.S.C. § 1651. In general, courts must narrowly construe these exceptions. *See*, *e.g.*, *Atl. Coast Line R. Co. v. Bhd. of Locomotive Engineers*, 398 U.S. 281, 287, 90 S. Ct. 1739, 1743, 26 L. Ed. 2d 234 (1970). ("[S]ince the statutory prohibition against such injunctions in part rests on the fundamental constitutional independence of the States and their courts, the exceptions should not be enlarged by loose statutory construction.") Furthermore, all doubts are to be resolved in favor

of allowing the state court action to proceed. *Texas Employers' Ins. Ass'n v. Jackson*, 862 F.2d 491, 499 (5th Cir. 1988) (en banc).

Here, Specialty's Motion must be denied for the simple fact that there is no record of it initiating a limitation suit in this or any federal court. In fact, Specialty's entire argument in support of its motion stems from the fact that asserted it limitation of liability as an affirmative defense. Asserting the Limitation Act as an affirmative defense, however, does not afford a party a right of concursus. *Black Diamond S. S. Corp. v. Robert Stewart & Sons*, 336 U.S. 386, 401 (1949)(stating that petitioning for limitation of liability and posting bond are "condition precedent to obtaining a forum concursus to adjudicate liability."); *see also El Paso Prod. GOM, Inc. v. Smith*, 406 F. Supp. 2d 671, 676 (E.D. La. 2005) ("Merely asserting limitation as a defense in a pending action does not bring all claims arising out of the incident together in a single forum, and it does not stay other actions pending against the ship or its owners.") The plain language of both section 30511(c) and Rule F of the Supplemental Admiralty Rules make clear that the right to concursus only follows the satisfaction of specific procedural requirements that Specialty has not satisfied here. Specialty may be allowed some of the Limitation Act's protections, but it has not filed a complaint for limitation of liability or deposited a security and therefore is not entitled to a stay of state court proceedings. Accordingly, it

is **ORDERED** that Specialty's Motion to Stay (Rec. Doc. 38) is **DENIED**.

Lynx, on the other hand, initiated these proceedings with a limitation complaint and has at least met those conditions precedent. Lynx's motion and briefs clarify that it is seeking two alternative forms of relief. First, Lynx seeks to stay the entire Garner Proceeding--to enjoin claims against each of Specialty, Gulf Coast, Scully's, and Lynx's insurer, American. Alternatively, and "to the extent the Court finds that the Anti-Injunction Act limits its ability to stay the entire state court action," Lynx requests that the Court stay only the Garner claims against American. (Rec. Doc. 40 at 6).

As explained below, the law is clear in requiring this Court to stay the claims against American and prohibiting a stay as to all other claims. As for state proceedings against shipowners' liability insurers, the Fifth Circuit has adopted the so-called "*Cushing* Chronology," a doctrine first espoused by Justice Clark in the 4-1-4 opinion in *Maryland Casualty Co. v. Cushing*, 347 U.S. 409 (1954). That doctrine, briefly put, requires limitation actions to precede direct actions against insurers where the latter threaten to deplete an owner's insurance coverage. *Magnolia Marine Transp. Co., Inc. v. Laplace Towing Corp.*, 964 F.2d 1571, 1579 (5th Cir. 1992)("to avoid depletion of the owner's coverage, this Court has required the limitation action to precede the direct action.")

Accordingly, direct actions against a limitation-complainant's insurer must be stayed unless "other methods" are employed to protect the limitation-complainant's right to insure itself, such as stipulations giving priority to a shipowner's claims to its insurance proceeds in the event of a finding of limitation. *Id.* at 1579-80. Here, no such stipulations and in fact no attempt at prioritizing Lynx's claims for its insurance coverage have been made. Accordingly, **IT IS ORDERED** that the Garner Claimants' claims against American Interstate Insurance Company are **STAYED in any and all courts.**

The Anti-Injunction Act, however, prohibits this Court from enjoining the rest of the Garner Claimants' claims in state court. While that act authorizes injunction of state suits against shipowners, corporate officers, and their insurers, it prohibits courts from staying state proceedings against other alleged tortfeasors. *In Re Complaint of River City Towing Services*, Inc., 199 F. Supp. 2d 495 (2002)(citing *Zappata Haynie Corp. v. Authur*, 926 F.3d 484, 485-86 (5th Cir. 1991); *see also In re Diamond B Marine Services*, *Inc.*, WL 726885 at *4 (E.D. La. 2000)("the Limitation Act authorizes a court to enjoin only state court actions brought against shipowners, corporate officers and insurers of a vessel;" not non-ship owning employers.); *In re Complaint of McDonough Marine Service, Div. of Marmac Corp.*, 749 F.Supp. 128, 130 (E.D.La.1990) (Limitation Act does not authorize staying claims

10

against barge manufacturer). To the extent that it argues otherwise, Lynx simply construes the issue broadly and cites only cases allowing or enforcing a stay of state claims against shipowners, corporate officers, and insurers of a vessel. (Rec. Doc. 40 at 3-7). Accordingly, **IT IS ORDERED** that Lynx's Motion is **DENIED in part** to the extent it seeks to enjoin Garner claims against all other parties.

Conclusion

    **IT IS ORDERED** that Specialty's Motion to Stay (Rec. Doc. 38) is **DENIED** in its entirety.

    **IT IS FURTHER ORDERED** that Danielle Ann Ray's Ex Parte Motion for Leave to file opposition to Specialty's motion is **DISMISSED as moot**. (Rec. Doc. 46).

    **IT IS FURTHER ORDERED** that Lynx's Motion to Stay (Rec. Doc. 18) is **GRANTED to the extent** it seeks to stay claims against American Interstate Insurance Company **and DENIED to the extent** it seeks to stay all other claims; all claims against American Interstate Insurance Company relating to the capsizing of the M/V KAMERYN on February 8, 2013 are **HEREBY STAYED.**

    New Orleans, Louisiana, this 7th day of April, 2014.

UNITED STATES DISTRICT JUDGE